393 F.Supp. 601 (1975)
FAITH HOSPITAL SERVICE, a Missouri not-for-profit Corporation, Plaintiff,
v.
BLUE CROSS HOSPITAL SERVICE, INC. OF ST. LOUIS, doing business as Blue Cross Plan of St. Louis, et al., Defendants.
No. 73 C 243(3).
United States District Court, E. D. Missouri, E. D.
February 26, 1975.
Elliott P. Koenig, Thomas, Busse, Goodwin, Cullen, Clooney & Ottsen, St. Louis, Mo., for plaintiff.
Donald J. Stohr, U.S. Atty., J. Patrick Glynn, Asst. U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon defendant, Caspar W. Weinberger, Secretary of Health, Education and Welfare's motion to dismiss.
*602 This action is for review of certain administrative decisions regarding overpayment to the plaintiff as a health services provider under the Medicare Act. Jurisdiction is predicated upon Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702. Count I alleges that certain decisions of defendant Secretary were arbitrary, wrongful and discriminatory. It is alleged in Count II of the complaint that the appeals procedure provided for by the Secretary for review of administrative decisions does not comport with the due process requirements of the Fifth Amendment. Count III alleges that the decisions complained of were not within the statute of limitations requirements contained in 42 U.S.C. §§ 1395cc, and 1395gg (erroneously cited by all parties as 42 U.S.C. §§ 1866 and 1870).
Defendant's motion to dismiss Count I is based upon the assertion that this lawsuit is an unconsented action against the sovereign. The Court finds such a defense to be well taken. It is clear that within the Eight Circuit that actions such as the one presently at bar are not viable without the permission of the sovereign. Twin Cities Chippewa Tribal Council v. The Minnesota Chippewa Tribe, 370 F.2d 529 (8th Cir., 1967). For a thorough discussion of this matter see the February 18, 1975 Order of the Honorable John F. Nangle of this District in St. Louis University v. Blue Cross Hospital Service, Inc., of St. Louis, 393 F.Supp. 367 (1975). Accordingly, Count I of plaintiff's complaint will be dismissed.
Notwithstanding the unconsented action nature of plaintiff's complaint, Count II of the complaint is permissible since it raises a constitutional question. It is plaintiff's contention that the composition of the Blue Cross Association Provider Appeals Committee is a violation of due process by reason of the required Blue Cross Association affiliation of a majority of the committee members. Such a requirement clearly raises the question of whether or not the procedure provided for by the appeals committee constituted a review by an impartial decision maker. Such a review is clearly required by the holding of Goldberg v. Kelly, 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d 287 (1970). Defendants in their brief supporting their motion for dismissal suggest to the Court that the decision of the appeals committee represents the final non-reviewable determination of the defendant Secretary. The Court finds no evidence within the material submitted to it that indicates that the decision of the appeals committee should be considered a final review by defendant Secretary. It is readily apparent that the Secretary should provide a de novo review before an impartial appeals committee in order to satisfy the plaintiff's contentions regarding the Blue Cross Association Appeals Committee procedures. In order that this action might proceed apace to a final determination a de novo review by an impartial appeals committee of the alleged overpayments under the Medicare Act should be had. Such a review will be held before an appeals committee that does not contain employees of the Blue Cross Association and whose procedures comport with due process as enunciated in Goldberg v. Kelly, supra.
Count III of plaintiff's complaint is predicated upon the thesis that the actions of the defendants were in violation of statute of limitations provisions contained in 42 U.S.C. §§ 1395cc and 1395gg. After a careful and close reading of the aforecited statutes the Court finds nothing within them which appears to state a statute of limitations for the actions complained of. Accordingly, the motion to dismiss as to Count III will be granted. In consequence,
It is hereby ordered that defendant's motion to dismiss as to Counts I and III of plaintiff's complaint be and is granted; and
It is further ordered that defendant's motion to dismiss as to Count II of plaintiff's complaint be and is denied; and
*603 It is further ordered that the defendants, within a reasonable time, will grant plaintiff a de novo evidentiary hearing on its appeal from the subject decision of the plan, with subsequent review thereof by the Secretary in accordance with the discussion of that matter as it appears above.