**FAITH HOSPITAL ASSOCIATION, etc., Appellee-Appellant,**

v.

**BLUE CROSS HOSPITAL SERVICE, etc., et al., Appellants-Appellees.**

**Nos. 75–1301, 75–1344.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1976.

Decided April 12, 1976.

Rehearing and Rehearing En Banc Denied in No. 75–1344, May 4, 1976.

---

David M. Cohen, Atty., Civ. Div., U. S. Dept. of Justice, Washington, D. C., for Blue Cross Hospital Service, etc., et al.; Rex E. Lee, Asst. Atty. Gen., Robert E. Kopp, Atty., Civ. Div., U. S. Dept. of Justice, Washington, D. C., and Donald J. Stohr, U. S. Atty., St. Louis, Mo., on the brief.

Alan C. Kohn, St. Louis, Mo., for Faith Hospital Assn., etc.; John A. Klobasa and Elliott P. Koenig, St. Louis, Mo., on the brief.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,\* and BRIGHT, Circuit Judge.

PER CURIAM.

This case was argued and submitted together with *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir. 1976). The issues presented in Faith Hospital's appeal on count I and the Government's cross-appeal on count II are essentially identical to those decided by *St. Louis University* and no purpose would be served by an extended discussion of them. As noted below, Faith Hospital's appeal on the dismissal of count III raises a question not arising in the *St. Louis University* litigation.

Count I of Faith Hospital's complaint makes the same statutory arguments as count I of the complaint of St. Louis University. On the authority of that case, we affirm the district court's dismissal of count I for lack of jurisdiction.

Faith Hospital's count II also parallels the procedural due process claims advanced in St. Louis University's second count. Again, the facts appear to be undisputed. Therefore, we modify the judgment of the district court by eliminating its direction that the Secretary of HEW conduct a *de novo* evidentiary hearing, and we remand to the Secretary for further proceedings as directed in *St. Louis University v. Blue Cross Hospital Service, supra.*

Faith Hospital's third and final count alleges that the administrative recoupment of alleged overpayments after a lapse of more than three years was time-barred by the statute of limitations contained in the Medicare Act. 42 U.S.C. § 1395gg.[1] The district court dismissed count III on the merits. Assuming that we have jurisdiction, we affirm the dismissal of count III.

We agree with the district court's analysis of the statute, 42 U.S.C. § 1395gg, that "after a careful and close reading of the aforecited [statute] the court finds nothing within [it] which appears to state a statute of limitations for the actions complained of." Moreover, we deem the challenged recovery of a Medicare overpayment by the Secretary, assuming such existed in this case, was not against equity and good conscience. We reject the argument made by appellant that since any overpayment to Faith Hospital resulted from the error of an insurance company fiscal intermediary, in this case the Blue Cross Plan of St. Louis, the equities lie with Faith Hospital, again assuming that the hospital actually received an overpayment of Medicare funds.

\* Associate Justice TOM C. CLARK, Retired, United States Supreme Court, sitting by designation.

1. On this appeal Faith Hospital has abandoned its earlier reliance upon § 1395cc.