**UNITED STATES of America**

v.

**BELLEVUE HOSPITAL, INC.**

**Civ. A. No. 75–4164–MA.**

United States District Court,
D. Massachusetts.

Nov. 5, 1979.

John D. Hanify, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Roger S. Davis, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

The United States brought this action to enforce an administrative decision to recoup Medicare overpayments from the defendant nursing home. Bellevue Hospital, Inc. was a provider of medical services in 1967 and 1968 under Part A of Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395c–1395i. As a "provider of services," 42

782

U.S.C. § 1395x(u), it was to be reimbursed for the "reasonable cost" of its services to Medicare patients by federal money channeled through a fiscal intermediary, 42 U.S.C. § 1395h, in this case the Blue Cross Association. Local Blue Cross Plans audited providers' records, determined amounts of overpayments or underpayments pursuant to HEW regulations and guidelines, and tried to settle discrepancies with providers. Any provider who was aggrieved by the determination of a local Plan could appeal to the Blue Cross Association's Provider Appeals Committee (the PAC).[1] The PAC provided an evidentiary hearing before a panel of Blue Cross and American Nursing Home Association employees who had not worked on the provider's case. The hearing was conducted pursuant to HEW approved regulations.

The provider now challenges the constitutionality of the hearing board, the procedural sufficiency of the government's present motion for summary judgment and several factual determinations made by the intermediary and affirmed by the hearing officers. The principal question presented is whether judicial review of the PAC decision is available under the Social Security Act or otherwise.

■ It has been conclusively established that subject-matter jurisdiction is not conferred on federal courts to review administrative decisions by the Administrative Procedures Act, 5 U.S.C. §§ 701–706, where jurisdiction does not otherwise exist. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Rhode Island Hospital v. Califano*, 585 F.2d 1153 (1st Cir. 1978); *Cervoni v. Secretary of H.E.W.*, 581 F.2d 1010 (1st Cir. 1978). Judicial review, therefore, must be available, if available at all, under the Social Security Act or under 28 U.S.C. § 1331.

■ Until the 1972 enactment of § 1395 oo (f), the Social Security Act did not provide for judicial review of provider-intermediary disputes as to the amount of reim-

bursement. § 1395ff provided review for disputes involving individuals in certain situations. "Individual" is not defined by the Act; however, a provider cannot be an "individual" within § 1395ff because that section provides review for an "institution or agency" in other situations. Therefore, the defendant's claims are not reviewable under § 1395ff(b), which states:

(b) Any *individual* dissatisfied with any determination . . . as to . . . the amount of benefits under part A . . shall be entitled to a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title and to . . . judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title. (emphasis added)

■ Nor are Bellevue's claims reviewable as those of an institution or agency under § 1395ff(c):

Any institution or agency dissatisfied with any determination of the Secretary that it is not a provider of services, or with any determination described in section 1395cc(b)(2) of this title, shall be entitled to . . . judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title.

Bellevue's status as a provider was not at issue, nor was § 1395cc(b)(2) involved. That provision pertains to termination of Medicare agreements.

■ Section 1395h is the only other provision in the Medicare Act which could create a right to judicial review of the *amount* of payment made to a provider:

(a) If any group or association of providers of services wishes to have payments under this part to such providers made through a national, State, or other public or private agency or organization and nominates such agency or organization for this purpose, the Secretary is authorized to enter into an agreement with such agency or organization providing for the determination by such agency or or-

---

1. 42 U.S.C. § 1395oo, which establishes a five-member Review Board to review Medicare de-

terminations of the fiscal intermediary, was not in effect during the fiscal years involved here.

ganization (*subject to such review by the Secretary as may be provided for by the agreement*) of the amount of the payments required pursuant to this part to be made to such providers, and for the making of such payments by such agency or organization to such providers. (emphasis added)

During 1967–1968, the only review provided by the Secretary was the appeals procedure established by fiscal intermediaries. The agreements under which Bellevue operated in those years provided only for hearings by the Blue Cross Association's PAC.[2] Thus, judicial review was not made available by § 1395h.

▋ In some instances an implied right to judicial review of an administrative decision may be found where none is specifically created. Implying a right to review here is inappropriate for three reasons. First, as noted above, review is explicitly made available under § 405(g) for enumerated agency determinations concerning individuals, institutions, and agencies. That statutory structure suggests that the drafters intended that review not be available for other determinations. Secondly, the legislative history of § 1395ff indicates that no further remedies should be implied:

> Hospitals, extended care facilities, and home health agencies would be entitled to hearing and judicial review if they are dissatisfied with the Secretary's determination *regarding their eligibility* to participate in the program. It is intended that *the remedies provides by these review procedures shall be exclusive.* (S.Rep.No.404, 89th Cong., 1st Sess., 55 (1965) (U.S.Code Cong. & Admin.News, pp. 1943, 1995)) (emphasis added)

2. Reproduced in plaintiff's exhibits 5 and 6.

3. The Court in *Rhode Island Hospital* read *Salfi* to preclude jurisdiction as follows:
   The Court [in *Salfi*] held that the district court was barred by the last sentence of § 205(h) [42 U.S.C. § 405(h)], quoted *supra*, from exercising § 1331 jurisdiction. Describing this sentence as "more than a codified ·requirement of administrative exhaustion", and emphasizing that "*no* action shall be

Finally, § 1395ii selectively imports portions of the Old-Age, Survivors, and Disability Insurance program, 42 U.S.C. §§ 401 et seq., to the Medicare Act:

> The provisions of sections 406, 408, and 416(j), of this title, and of subsections (a), (d), (e), (f), (h), (i), (j), (k), and (*l*) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter.

Significantly, § 1395ii applies § 405(h), which makes decisions of the Secretary final, but does not apply § 405(g), which would provide judicial review for "final" decisions of the Secretary. Therefore, § 405(g) review is not available under the Medicare Act except as specifically provided in § 1395ff. As was discussed above, § 1395ff does not provide § 405(g) review for *providers'* disputes as to *amount* of benefits.

As to federal question jurisdiction, this Circuit has conclusively determined that jurisdiction under 28 U.S.C. § 1331(a) over factual determinations in Medicare provider reimbursement disputes is barred by § 205(h) of the Social Security Act, 42 U.S.C. § 405(h), which is expressly made applicable to the Medicare Act by 42 U.S.C. § 1395ii. *Hospital San Jorge, Inc. v. Secretary of H. E. W.*, 598 F.2d 684, 686 (1st Cir. 1979); *Rhode Island Hospital, supra*, at 1156–57; cf. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).[3]

This Circuit has not, however, decided the question of whether judicial review is available under 28 U.S.C. § 1331 for constitutional claims arising out of Medicare provider reimbursement disputes where no available administrative process leads to judicial review. In *Hospital San Jorge*, the provid-

brought under § 1331", the Court required the plaintiffs to resort to the Act's provisions for judicial review . . . [.]
   It seems to us that the plain language of 42 U.S.C. § 405(h) and § 1395ii, read in tandem, and the Supreme Court's interpretation of the former in *Salfi* bar the finding of § 1331 jurisdiction in this case. 585 F.2d 1156–1157. (footnote omitted)

er had failed to exhaust its administrative remedies. In *Rhode Island Hospital,* the provider's claim arose subsequent to the effective date of 42 U.S.C. § 1395*oo* (f), so review was available under that subsection of the Medicare Act. In *Cervoni,* no constitutional issue was raised. Other circuits have split on the issue of when § 1395ii precludes federal question jurisdiction to review Medicare determinations.[4]

Several considerations are relevant as to whether federal question jurisdiction to review provider-intermediary disputes is absolutely barred by § 1395ii and § 405(h). Perhaps § 405(h) should not be so strictly construed in the context of Medicare as it has been in Old-Age, Survivors, and Disability Insurance benefits cases such as *Salfi,* since judicial review of determinations in those cases is generally available under § 405(g), but review is generally unavailable under § 1395ff for Medicare determinations. If federal question jurisdiction over constitutional issues is prohibited by the operation of § 1395ii, problems concerning the constitutional power of Congress to curtail the power of the judiciary are raised.[5] On the other hand, the Court of Claims has consistently held that it does have jurisdiction to review these Medicare disputes under 28 U.S.C. § 1491, so an aggrieved provider may be able to turn to the Court of Claims if the federal district court is unavailable.[6] And the scanty legislative history quoted at p.

783, *supra,* suggests that Congress intended to provide very limited judicial review.

■ Even if federal question jurisdiction were available to entertain constitutional claims, the defendant does not present a substantial constitutional claim concerning the composition of the hearing board, and it does not present any other substantial constitutional issues. Leading Medicare cases where a provider obtained some remedy under a court's asserted federal question jurisdiction are inapposite to this case. In *Humana of South Carolina, Inc. v. Mathews,* 419 F.Supp. 253 (D.D.C.1976), the court held that 42 U.S.C. § 1395ii and § 405(h) did not bar review of a constitutional attack on the Medicare regulations. Here, plaintiff does not question the legality of Blue Cross or HEW regulations themselves in any of its defenses, but only the methods and decision of its own intermediary. *St. Louis University v. Blue Cross Hospital Service, Inc.,* 393 F.Supp. 367 (E.D.Mo.1975), *modified,* 537 F.2d 283 (8th Cir. 1976), *cert. denied* 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976) held that an intermediary's own appeal board could not constitutionally be the final arbiter of questions of *interpretation* of HEW regulations and remanded the case to a tribunal containing no Blue Cross employees. Bellevue argues that its case is within the scope of *St. Louis University* because the determinations made by the intermediary "bring into play the Medicare

4. In *American Association of Councils of Medical Staffs of Private Hospitals, Inc. v. Califano,* the court reviewed the case law as follows: The question of review of decisions apparently precluded by § 1395ii has been considered by several courts. The cases . . . have involved actions by providers complaining of reimbursement decisions and procedures. The Court of Claims ruled that it had jurisdiction as to questions of law and constitutional claims under 28 U.S.C. § 1491. *Whitecliff, Inc. v. United States,* Ct.Cl.1976, 536 F.2d 347, *cert. den.* 1977, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361. The Court of Appeals for the Eighth Circuit held that it had jurisdiction over constitutional issues only. *St. Louis University v. Blue Cross Hospital Service,* 8 Cir. 1976, 537 F.2d 283, *cert. den.* 1977, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584. In the Second and Seventh Circuits the Courts of Appeals have held that

they have no jurisdiction, but that the Court of Claims does. *South Windsor Convalescent Homes, Inc. v. Mathews,* 2 Cir. 1976, 541 F.2d 910; *Trinity Memorial Hospital of Cudahy, Inc. v. Associated Hospital Service, Inc.,* 7 Cir. 1977, 570 F.2d 660. 575 F.2d 1367, 1370–1371 (5 Cir. 1978). (footnote omitted).

5. See, e. g., Hart, The Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialectic, 1953, 66 Harv.L.Rev. 1362, 1363–65, 1377, and especially 1396–1401.

6. *Whitecliff, Inc. v. United States, supra* note 4; *St. Elizabeth Hospital v. United States,* 558 F.2d 8 (Ct.Cl.1977); *Overlook Nursing Homes, Inc. v. United States,* 556 F.2d 500 (Ct.Cl.1977); *Appalachian Regional Hospitals, Inc. v. United States,* 576 F.2d 858 (Ct.Cl.1978).

 

regulations." Determinations by an intermediary necessarily "bring into play" the regulations by applying them to a particular set of facts, but do not necessarily entail "interpretation," that is, resolving ambiguities in the regulations. Bellevue has cited no instance where the intermediary interpreted an ambiguous regulation.

Bellevue further claims that it was denied an impartial review of the factual determinations made by the local Blue Cross Plan because two of the three members of the PAC were Blue Cross employees. Several early district court decisions in other circuits questioned whether a hearing panel with a majority of employees of the fiscal intermediary was a sufficiently impartial decisionmaker to provide due process. *St. Louis University, supra; Faith Hospital Service v. Blue Cross Hospital Service, Inc. of St. Louis*, 393 F.Supp. 601 (E.D.Mo.1975), modified, 537 F.2d 294 (8th Cir. 1976), *cert. denied* 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976). However, recent circuit court decisions relying on *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) have uniformly held that a Medicare payments hearing panel such as the one reviewing Bellevue's case does not violate the Constitution. The panel is sufficiently impartial to comply with due process requirements when the intermediary's hearing officers have not previously worked on the provider's case and when no question of interpretation of regulations is presented. *St. Louis University, supra*, on appeal (reversing the district court); *Overlook Nursing Homes, Inc. v. U. S., supra* n. 6.

Bellevue's final contention is that the United States' motion for summary judgment should be denied because it failed to submit an "affidavit setting forth any fac-

tual statements made upon personal knowledge . . . [.]" Because the Court has decided that judicial review is not available, the Court need not decide that issue. However, the hearing opinion, which is appended to the plaintiff's motion, clearly sets forth the pertinent issues and facts. Defendant concedes that Fed.R.Civ.P. 56 does not absolutely require a moving party to submit affidavits, nor does defendant indicate whose "personal knowledge" would be useful in determining whether sufficient evidence supports the administrative decision.

■ In accordance with the above, judgment on the pleadings is to be entered for the plaintiff.[7]

SO ORDERED.

---

7. Although the parties do not raise the issue, we note that even assuming we have jurisdiction to review the administrative decision for substantial evidence as under § 405(g), a motion for summary judgment is not the technically proper procedure to obtain review because that provision directs the Court to limit its review to the pleadings and the transcript of

the record. *Whitman v. Weinberger*, 382 F.Supp. 256, 258 n. 1 (E.D.Va.1974). Therefore, the Court cannot consider new evidence as would be presented by affidavits under a motion for summary judgment. A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) would be more appropriate.