OPINION OF THE COURT

Per Curiam.

Order entered May 9, 1983 affirmed, with $10 costs, for the reasons stated in the opinion of Judge Evens, at the Civil Court.
In addition to the well-reasoned opinion of Judge Evens, we briefly note the following. Chapter 349 of the Laws of 1982, which has particular relevance to this early loft case and which may be lawfully applied to cases where the warrant remains unexecuted (Whitmarsh v Farnell, 298 NY 336), permits residential tenants of “interim multiple dwellings” to remain in possession notwithstanding the fact that such buildings do not have residential certificates of occupancy or that such occupancy is in violation of the lease agreement. Owners may recover rents from occupants qualified for protection only to the extent they are in compliance with the registration and other requirements of chapter 349; as found below, landlord has yet to comply. We cannot condone the tenants, prior ill-advised violation of our original order with respect to use and occupancy for the period June, 1980 through January, 1982 (see Lipkis v
*834 Pikus, 99 Misc 2d 518, affd 72 AD2d 697; Lipkis v Pikus, NYLJ, Jan. 20,1982, p 11, col 1). However, the Civil Court has determined that those arrears were deposited long ago and that tenants have continued to make their monthly payments. At this late date, execution of the warrants is not called for, and ample “good cause” has been demonstrated for vacatur (RPAPL 749, subd 3). The parties should now proceed to resolve their differences within the framework of the regulatory scheme specifically enacted by the Legislature to address the subject of converted lofts, so that this vexatious litigation may be put to rest.