OPINION OF THE COURT
Beatrice Shainswit, J.
Petitioner’s application, pursuant to CPLR article 78, challenging the constitutionality of the "Padlock Law” (Administrative Code of City of New York §§ 436-8.0, 436-8.1) and the regulations promulgated thereunder is denied and the petition is dismissed.
Petitioner is the lessee of the premises at 6693 Broadway, Bronx, New York, which was ordered closed for one year by Police Commissioner Ward, pursuant to the Padlock Law and the regulations promulgated thereunder.
The Padlock Law, effective August 6, 1984, authorizes the Police Commissioner to impose sanctions for public nuisances *327 by barring the use of property in violation of penal laws, such as those relating to prostitution, gambling and drugs. Specifically, the Padlock Law defines, as a public nuisance, any building where violations of certain provisions of the Penal Law (such as Penal Law art 225, relating to gambling) are occurring, and where at least two such criminal convictions have occurred within one year of commencement of proceedings pursuant to Administrative Code § 436-8.1. The law creates a statutory presumption of continuing criminal activity, where an arrest for violation of the relevant provisions was made within 30 days of issuance of notice pursuant to section 436-8.1 (Administrative Code § 436-8.0). The Police Commissioner’s regulations provide for notice of arrests to the owner of property, informing him that if two or more convictions are obtained within 12 months for such public nuisances, proceedings may be commenced resulting in possible closure of the premises. The proceedings are commenced by service of notice of hearing on the owner, lessor, lessee and mortgagee, pursuant to CPLR article 3. A public hearing presided over by a hearing officer, employed by the police department, is held to determine whether a public nuisance exists, and to report to the Police Commissioner with recommendations, either for abatement of any nuisance, or for vacatur of a closing order.
In this case, a hearing was held on March 19, 1985 before Hearing Officer Edward Jordan, who recommended closure of the premises for numerous violations of Penal Law article 225 relating to gambling (specifically, 11 gambling arrests were made at the premises between Mar. 15, 1984 and Jan. 3, 1985, 10 of which resulted in convictions). The Police Commissioner later accepted the recommendation and ordered closure for one year. Petitioner admitted running a numbers operation out of the premises, but contended that gambling should not be illegal and in any event does not constitute a public nuisance. Neither of these contentions bears scrutiny. The legislation has resolved the issues, and it is not for the court to substitute its judgment. Nor is there substance to the argument that the premises do not constitute a nuisance because they are located in a relatively unpopulated area. Finally, petitioner’s claim that the closure is invalid because some of the cited convictions were obtained prior to the effective date of the Padlock Law is also without merit, inter alia, because evidence was submitted relating to five convictions, resulting from arrests at the premises, which took place after the effective date of the statute.
*328 Legislative enactments are presumed to be constitutional (Benson Realty Corp. v Beame, 50 NY2d 994, appeal dismissed sub nom. Benson Realty Corp. v Koch, 449 US 1119), and should be free of judicial tampering unless shown to be arbitrary and without reasonable basis (New Orleans v Dukes, 427 US 297, 303 [1976]). The Padlock Law is a proper exercise of the city’s police power to protect the public interest in the quality of life in the community and to safeguard the public health, safety and welfare.
The State’s police power may be invoked when the action is reasonable with regard to the ends to be accomplished and the means used to effect the ends (see, Matter of Charles v Diamond, 41 NY2d 318). A municipality is invested with broad discretion to decide what is in the public interest and how these interests are to be protected (Lipkis v Pikus, 122 Misc 2d 136, affd 122 Misc 2d 833 [App Term, 1st Dept]). Legislation reasonably designed to promote the general societal welfare is not unconstitutional merely because private property rights are affected (see, Modjeska Sign Studios v Berle, 43 NY2d 468). This court finds that the enforcement provisions of the Padlock Law provide for a proper exercise of police power which is reasonably related to the stated objectives of the law.
Petitioner contends that the statute violates the prohibition against ex post facto laws contained in US Constitution article I. Article I, § 9 forbids enactment of legislation which imposes punishment for an act not punishable at the time committed or which imposes punishment in addition to that prescribed. The purpose of the prohibition is to assure that legislative acts provide for fair warning and to permit reliance on the language of a statute until it is explicitly changed. For a penal or criminal law to be ex post facto, it must be retrospective, i.e., it must apply to events occurring before its enactment — and it must disadvantage the offender affected by it (Weaver v Graham, 450 US 24 [1981]).
The Padlock Law is civil in nature and therefore is not an ex post facto law. It does not punish conduct but, rather, is aimed at nuisance abatement. Critical to ex post facto is fair notice and whether punishment is more onerous than that provided for by the law in effect on the date of the offense. Clearly, the ex post facto prohibition is not violated by the Padlock Law.
Petitioner further contends that his due process rights were violated in that he was deprived of property rights by unduly *329 repressive means not substantially related to achieving legitimate governmental ends, e.g., (a) by the hearing procedures, which he alleges vest unbridled discretion in the police department, and by discriminatory enforcement; (b) by the provision that closure can be ordered without knowledge of, or participation in, the criminal activity by the owner or lessee, and (c) by the statutory presumption relating to continuing criminal activity.
Far from being unconstitutional, the Padlock Law and regulations carefully protect individual rights by providing for notice of arrests and of proceedings, so that the owner or lessee can abate the suspected nuisance. Ignorance of the offenses, or nonparticipation therein, is not a defense. Those having a property interest have a duty to use whatever legal means is available to see that the property is not used for unlawful purposes (People v Mizrahi, Sup Ct, NY County, index No. 40304/77, Stecher, J.).
Petitioner’s assertion that the statutory presumption of continuing illegal activity from two or more convictions in the previous year, coupled with an arrest within 30 days of notice of a Padlock Law hearing, is unconstitutional, is without mérit. The conclusion of continuing criminal activity is rationally based, and therefore the presumption is not facially unconstitutional (see, People ex rel. City of New York v Macbeth Realty Co., 100 Misc 2d 926 [Sup Ct, NY County 1979]). In civil cases, so long as there exists a rational connection between the proved fact and the presumed fact, there can be no serious due process considerations (Tot v United States, 319 US 463).
Petitioner’s discriminatory enforcement claim, apparently pursuant to the equal protection clause of the US Constitution, is also without merit. It is well settled that one who alleges discriminatory enforcement must meet the heavy burden of showing conscious, intentional discrimination (People v Utica Daw’s Drug Co., 16 AD2d 12) or a consciously practiced pattern of discrimination (People v Friedman, 302 NY 75). The conscious exercise of some selectivity in law enforcement is not itself unconstitutional (Matter of Di Maggio v Brown, 19 NY2d 283). Petitioner has presented absolutely no evidence of discriminatory enforcement.
Petitioner’s claim that the hearing procedures, provided for pursuant to the Padlock Law and regulations, are unconstitutional, because the hearing officer is an employee of the police *330 department, must fail. The hearing procedures involved herein do not necessarily affect impartiality. The regulations provide for an impartial hearing officer who was not involved in the case prior to the hearing. The fact that the hearing officer is employed by the police department does not render him constitutionally unacceptable. Petitioner has shown no evidence to back up his assertion that the procedure results in the hearing officer being biased and, therefore, he has failed to demonstrate constitutional infirmity (see, Davis v United States Dept. of Health, Educ. & Welfare, 416 F Supp 448; Withrow v Larkin, 421 US 35 [1975]).