**Ronald RIZZO, Barbara Walberg, and Kim Walberg, Plaintiffs,**

v.

**Elaine TERENZI, Defendant.**

**No. CV 85–2572.**

United States District Court,
E.D. New York.

Sept. 30, 1985.

Ronald Rizzo, Barbara Walberg, and Kim Walberg, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Susan M. Rogers, Asst. U.S. Atty., Brooklyn, N.Y., for Elaine Terenzi.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Plaintiffs, *pro se*, bring this action for injunctive relief and monetary damages on the ground that defendant United States Probation Officer Elaine Terenzi, acting under color of federal law, deprives them of their constitutional rights by refusing to permit them to travel outside this district. Plaintiffs ask this court to compel defendant to grant plaintiff Rizzo's request that he be permitted to travel to Florida for a period of thirty days. While plaintiffs characterize their claim as a *Bivens* action, the court construes this action for injunctive relief as an action in the nature of mandamus pursuant to 28 U.S.C. § 1361 (1982). Defendant moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b), or, in the alternative, for summary judgment pursuant to Fed.R. Civ.P. 56.

### FACTS

Plaintiff Ronald F. Rizzo was convicted on a charge of importing heroin and served approximately four years of a federal prison term before being released from custody. Plaintiff Barbara Walberg, convicted on charges of conspiracy to import heroin, importation of heroin, and possession with intent to distribute heroin, was released from custody after serving approximately eighteen months of a federal term. Upon their release Rizzo and Walberg each executed a standard certificate acknowledging the conditions of their parole,[1] which include a requirement that they "work regularly unless excused by [their] probation officer," and prohibit them from leaving the Eastern District of New York "without written permission from [their] probation officer." Defendant Probation Officer Elaine Terenzi was assigned to supervise Rizzo and Walberg at all times relevant to this action.

Shortly after his release Rizzo orally requested permission from Terenzi to travel to Florida for a period "not to exceed thirty days." According to Officer Terenzi, Rizzo sought to vacation and to investigate a possible job opportunity. Officer Terenzi denied Rizzo's request, explaining that she would consider granting a request for a shorter trip. No such request was ever made.[2]

Since his release Rizzo has failed to demonstrate any legitimate employment or a verifiable source of regular income. He has made no attempt to seek regular employment. It is the position of Officer Terenzi that three days would be adequate time to investigate the job opportunity proposed by Rizzo, and that a thirty day vacation is not warranted in light of Rizzo's poor employment history and the difficulty of maintaining close supervision while in Florida. The location plaintiffs seek to visit is in a remote area, approximately one hundred miles from the closest United States Probation Office.

Walberg, although joining in this action to compel Terenzi to grant permission, has never taken steps to request permission for the proposed thirty day trip.

Plaintiff Kim Walberg is Barbara Walberg's eleven year old daughter. Kim Walberg is not under parole supervision and is joined in this suit to protest the denial of Rizzo's permission to travel which, it is

---

1. While Rizzo was mandatorily released, he is released "as if on parole," pursuant to 18 U.S.C. § 4164 (1982), until his six-year special parole commences on February 8, 1986. Walberg was mandatorily released in June, 1984, and her eight-year special parole commenced on July 8, 1984.

2. As set forth by Rizzo, the reason for the thirty-day request is to provide adequate time to visit family; make repairs to plaintiffs' Florida property; make plans for relocating to Florida; and investigate an offer of employment. Plaintiff has been informed by Stephen Rackmill, Supervising United States Probation Officer for the Eastern District of New York, that the Probation Department will consider granting travel permission for up to two weeks for these purposes provided such a request is made and supported with a detailed itinerary and financial information. To date Rizzo has not made such a request.

claimed, deprives the plaintiffs of their rights to liberty and property without due process of law.

## DISCUSSION

■ The plaintiffs ask this court to direct Probation Officer Terenzi to grant permission for a thirty-day trip to Florida. Because this action seeks to compel an officer of the United States to perform a duty, we construe it as an action in the nature of mandamus. 28 U.S.C. § 1361 (1982). While the plaintiffs' allegations are sufficient to confer jurisdiction upon this court to consider issuance of a writ, we find there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

■ A writ of mandamus may issue only where the plaintiff establishes a clear right to the relief sought; a plainly defined and peremptory duty on the defendant's part to do the act in question; and lack of another available, adequate remedy. *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir.1976). Where, as here, the allegations in the complaint adequately set forth the failure of such a duty, the court has jurisdiction under § 1361. *See id.* at 946–47; *see also Soberal-Perez v. Schweiker*, 549 F.Supp. 1164, 1170 (E.D.N.Y.1982), *aff'd*, 717 F.2d 36 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984). Because the pleadings and supporting materials demonstrate that none of the required elements are met, however, plaintiffs' claim must fail.

■ That plaintiffs have no "clear right" to the relief sought is beyond question. As parolees, Rizzo and Walberg are subject to the express terms of their release, which include the condition that they "shall not leave the limits fixed by [the] certificate of parole without written permission from the probation officer." 28 C.F.R. § 2.40(3) (1985). Absent such permission, Rizzo and Walberg are restricted

to the Eastern District of New York under their respective certificates. While the right to travel from state to state is indeed constitutionally protected, *Shapiro v. Thompson*, 394 U.S. 618, 629, 89 S.Ct. 1322, 1329, 22 L.Ed.2d 600 (1969), an individual's right to travel, extinguished by conviction and subsequent imprisonment, is not revived upon parole. *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir.1983).

■ It is well established that a parolee enjoys "only conditional liberty properly dependent on observance of special parole restrictions," *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), and that the government may "properly [subject] him to many restrictions not applicable to other citizens." *Id.* at 482, 92 S.Ct. at 2601. The viability of the parole system depends upon certain restrictions, among them the ability to monitor and control travel. *See Berrigan v. Sigler*, 499 F.2d 514 (D.C.Cir.1974). In the absence of approval from their probation officer, Rizzo and Walberg have no "right" to travel.[3]

■ For the same reasons, the claimed "duty" on the part of defendant is in fact discretionary. The court may compel compliance with a constitutional duty only "after determining its substance." *Soberal-Perez v. Schweiker*, 549 F.Supp. 1164, 1170 (E.D.N.Y.1982), *aff'd*, 717 F.2d 36 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984); *see also Davis v. United States Dept. of Health, Ed. & Welfare*, 416 F.Supp. 448 (S.D.N.Y.1976). Discretion as to whether to grant travel permission is vested in the probation officer. *See* 28 C.F.R. § 2.41(a) (1985) ("The probation officer *may* approve travel outside the district....) (emphasis added). As we have already noted, this comports with constitutional requirements. Mandamus is not available to direct or influence the *exercise* of discretion, as the

---

**3.** As defendant's brief correctly notes, while plaintiffs characterize their Fifth Amendment rights as the right to vacation as a family, visit family, and use and maintain family property located in Florida, determination of the right to travel issue necessarily disposes of the other issues.

legislative history of § 1361 makes clear. *See* S.Rep. No. 1992, 87th Cong., 2d Sess., *reprinted in* 1962 U.S.Code Cong. & Ad. News 2784. Because Officer Terenzi's decision to deny approval rests on legitimate governmental interests in supervising and rehabilitating plaintiffs, it was not arbitrary or capricious and the court will not substitute its judgment for that of the Probation Office. *See Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir.1972) (government may impose parole restrictions "that are reasonably and necessarily related" to governmental interests); *cf. Queenan v. Heckler*, 581 F.Supp. 1216, 1218 (S.D.N.Y.1984) (mandamus appropriate where agency decision "so clearly contradicted by the record" as to constitute abuse of discretion).

▪ Finally, plaintiffs do not lack available, adequate remedies. It is uncontradicted that plaintiff Walberg has failed to request travel permission from her probation officer. Plaintiff Rizzo, although having discussed the request at issue with a supervisory probation officer, has yet to make a formal, properly documented request encompassing all of the claimed objectives of his trip.[4] Clearly, plaintiffs have not exhausted the administrative remedies available to them.

Because there is no genuine issue of material fact and the material on record demonstrates that none of the elements required to support a writ of mandamus are met, defendant is entitled to judgment as a matter of law.

▪ Plaintiffs' claim for money damages likewise fails. Plaintiffs seek damages based upon their assertion that defendant Terenzi, acting under color of federal law, violated their constitutional rights under the Fifth Amendment by refusing to permit the requested travel. Constitutional deprivations by federal officers acting under color of federal authority may indeed give rise to a cause of action for damages. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As we have already noted, however, the events complained of do not constitute a constitutional violation because Rizzo and Walberg, as parolees, no longer enjoy a right to unrestricted travel.

▪ We note further that Rizzo was not constitutionally entitled to an evidentiary hearing on his travel request. As the Supreme Court has repeatedly determined governmental decisions do not automatically invoke due process protection. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Whether due process requirements apply in a given instance turns on the nature of the private right affected by the governmental action. *Morrissey, supra*, 408 U.S. at 481, 92 S.Ct. at 2600. Where, as here, there is no established right to the freedom sought, the constitution does not mandate due process protection. As Judge Friendly has explained, " 'there is a human difference between losing what one has and not getting what one wants.' " Friendly, *Some Kind of Hearing*, 123 U.Pa.L.Rev. 1267, 1296 (1975), *quoted in Greenholtz, supra*, 442 U.S. at 11, 99 S.Ct. at 2105.

▪ This crucial distinction is best illustrated by comparing the due process considerations inherent in the parole revocation context with the stark absence of such protection in the initial parole release decision. Where the parolee has been granted the freedom of parole, his interest in continued liberty mandates constitutional protection. *Morrissey, supra*, 408 U.S. at 481–82, 92 S.Ct. at 2600–01. Where no interest in conditional liberty has yet been created, however, the mere possibility of parole is not protected by due process. *Greenholtz, supra*, 442 U.S. at 9–11, 99 S.Ct. at 2104–05. The parolee released from confinement has been granted but conditional liberty, and his liberty interest is defined by the terms of his release. Be-

---

**4.** In addition, Rizzo has not applied for permission to relocate to Florida, one avowed purpose of his proposed trip, and has not petitioned the United States Parole Commission for modification of his parole conditions. *See* 18 U.S.C. § 4209(d)(2) (1982).

cause he is already subject to geographic restriction, a decision not to relax that restriction does not invoke due process considerations.[5]

In the absence of a right to unrestricted travel, plaintiffs are not entitled to due process protection for their desire to travel together to Florida. Because there is no genuine issue of material fact, we find that defendant is entitled to judgment as a matter of law.

### CONCLUSION

Defendant's motion for summary judgment is granted, and it is

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of defendant dismissing the complaint.

---

**5.** There is an additional reason why the decision at issue in this case is closer to the initial release decision than it is to the revocation proceeding. While the decision to revoke parole turns on the "wholly retrospective factual question" of whether an individual has violated parole conditions, *Morrissey, supra,* 408 U.S. at 479–80, 92 S.Ct. at 2599, the initial release decision "depends on an amalgam of elements, some of which are factual but many of which are purely subjective." *Greenholtz,* 442 U.S. at 10, 99 S.Ct. at 2105. The travel decision, too, is largely subjective, as it is based at least in part on an assessment of what will best contribute to the parolee's rehabilitation. *See Morrissey, supra,* 408 U.S. at 478–79, 92 S.Ct. at 2599. Just as in the release decision, "there is no set of facts which, if shown, mandate a decision favorable to the individual." *Greenholtz, supra,* 442 U.S. at 10, 99 S.Ct. at 2105. Accordingly, imposition of procedural protections is unlikely to reduce the risk of "error" in the probation officer's determination.