**Philip ALONZO, Petitioner,**

v.

**John J. ROZANSKI III, United States Probation Officer, United States Probation Service and United States Parole Commission, Respondents.**

**No. 85 C 9653.**

United States District Court,
N.D. Illinois, E.D.

March 13, 1986.

Robert S. Bailey, Bailey, Bradley & Walsh, Chicago, Ill., for petitioner.

Ann Wallace, Asst. U.S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Philip Alonzo ("Alonzo") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. 2241.[1] Respondents have moved to dismiss the writ or in the alternative for summary judgment. For the reasons set forth below, respondents' motion for summary judgment is granted.

### Facts

Alonzo was convicted of various federal narcotics offenses and sentenced on January 31, 1983, to a five-year jail term. On June 27, 1985, he was released on parole in the Northern District of Illinois. Alonzo requested release to the Southern District of Florida both before and after his release on parole. Alonzo asserts that he and the woman he has lived with for several years have a home in Florida. She has moved down there, and he wants to join her and pursue his fledgling real estate career. United States Probation Officers in both the Southern District of Florida and the Northern District of Illinois have denied his requests. Alonzo also wrote to the Regional Commissioner of the United States Parole Commission for permission to move to Florida. The Commissioner forwarded that request to Alonzo's probation officer in the Northern District of Illinois. Alonzo then filed this petition for a writ of habeas corpus, seeking a modification of the terms of his parole.[2] He claims that the Due Process Clause of the Fifth Amendment en-

---

1. Petitioner has requested in the alternative "such other Writ as is appropriate in the premises pursuant to 28 U.S.C. sec. 1651." Neither of the parties have addressed the issue of alternative forms of relief in their briefs. We believe however, that the analysis set forth in this memorandum would apply equally if this were viewed as a request for a writ of mandamus, as a writ of mandamus may issue only where the plaintiff establishes, *inter alia,* a clear right to the relief sought. *Billiteri v. United States Board*

of Parole, 541 F.2d 938, 946 (2d Cir.1976). Here, petitioner has established no "clear right" to the relief sought. *See Rizzo v. Terenzi,* 619 F.Supp. 1186, 1189 (E.D.N.Y.1985).

2. Specifically, the petition requests "that Respondents jointly and severally authorize and permit the transfer of Petitioner's parole supervision to the Southern District of Florida forthwith."

titles him to a "reasonable determination upon his travel and residence requests," and that respondents' denials of his requests have been arbitrary.

Respondents have moved to dismiss the petition or in the alternative for summary judgment. Since the parties refer to documents outside of the pleadings, we will rule on this case under the standards of Rule 56. *See* Fed.R.Civ.P. 12(b).

### The Due Process Claim

It is well settled that the protection of the Due Process Clauses of the Fifth and Fourteenth Amendments is not triggered unless the government has deprived a person of an identifiable property or liberty interest. *E.g., Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Solomon v. Elsea,* 676 F.2d 282, 284 (7th Cir.1982). In order to have such an interest, "a person clearly must have more than an abstract need or desire for it ... [h]e must, instead, have a legitimate claim of entitlement to it." *Id.* 442 U.S. at 7, 99 S.Ct. at 2103–2104, *quoting Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548. This "legitimate claim" usually stems from some positive source, such as the Constitution, statute, regulation or custom.

■ The Constitution of its own force does not give Alonzo a liberty interest. He concedes that as a parolee he has no constitutionally protected interest in interstate

travel. *See Bagley v. Harvey,* 718 F.2d 921, 924 (9th Cir.1983); *Rizzo v. Terenzi,* 619 F.Supp. 1186, 1189 (E.D.N.Y.1985). Nor does he have a constitutional interest in being paroled in any particular district. *Bagley,* 718 F.2d at 924. Finally, the mere interest in and possibility for parole or better parole terms does not automatically invoke due process protection. *Greenholtz,* 442 U.S. at 7, 99 S.Ct. at 2104. However, under certain circumstances the language of a federal or state statute or regulation may nonetheless create a liberty interest where no constitutionally based interest exists. *Id.,* 442 U.S. at 11–12, 99 S.Ct. at 2106; *Solomon,* 676 F.2d at 284. The courts in *Greenholtz* and *Solomon* concluded that the applicable statutes governing parole release decisions did provide prison inmates with a legitimate expectation of release on parole because of the mandatory language contained in those statutes.[3] Both courts emphasized, however, that each of the relevant statutes contained a unique structure and language and that whether other statutes create a similar liberty interest must be determined on a case-by-case basis. *Greenholtz,* 442 U.S. at 12, 99 S.Ct. at 2106; *Solomon,* 676 F.2d at 282.

■ Petitioner does not argue that the statute governing the establishment or modification of parole conditions implicates a liberty interest, and we do not believe that the applicable statute does create such interest.[4] On the contrary, the structure

---

**3.** The Nebraska statute at issue in *Greenholtz* read as follows:

> Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall order his release unless* it is of the opinion that his release should be deferred because:
> (a) There is substantial risk that he will not conform to the conditions of parole;
> (b) His release would depreciate the seriousness of his crime or promote disrespect for the law;
> (c) His release would have a substantially adverse effect on institutional discipline; or
> (d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his

capacity to lead a law-abiding life when released at a later date.
Neb.Rev.Stat. sec. 83–1, 114(1) (1976) (emphasis provided). The federal statute at issue in *Solomon* similarly provided that inmates eligible for parole *shall be* released *if* certain conditions are met. 676 F.2d at 284.

**4.** 18 U.S.C. § 4209(a) provides, *inter alia* (emphasis added):

> The Commission *may* impose or modify other conditions of parole to the extent that such conditions are reasonably related to—
> (1) the nature and circumstances of the offense; and
> (2) the history and characteristics of the parolee;

and language of that statute grants the Parole Commission a wide range of discretion in determining the conditions of parole, unlike the statutes involved in *Greenholtz* and *Solomon.* Nor does Alonzo point to any regulation as creating a liberty interest. In short, Alonzo has no "legitimate claim of entitlement" to his purported liberty interest and thus does not come within the umbrella of the Due Process Clause.

Having so concluded, it is obvious that Alonzo is not "in custody in violation of the Constitution ... of the United States." 28 U.S.C. § 2241(c)(3). Since his petition claims only a violation of the Fifth Amendment and not of any specific statute or regulation, we need not decide whether he is in custody in violation of "the laws ... of the United States." *Id.*[5] Respondents' motion for summary judgment is granted, and the case is dismissed. It is so ordered.

and *may* provide for such supervision and other limitations as are reasonable to protect the public welfare.

5. Alonzo's Due Process Claim is substantive rather than procedural. He is not asking for additional procedural safeguards; rather, he is attacking the respondents' actual decision as irrational and unsupported by the record. Since the Due Process Clause is not triggered, we need not apply this substantive due process analysis. In cases such as *Bagley,* the Court did do a cursory substantive review of parole modification decisions, applying a lax "arbitrary and capricious" standard of review. 718 F.2d at 925. It did so as a statutory rather than constitutional matter. Because Alonzo adheres to his Due Process Claim, we need not address this other issue either. However, even if we were to reach it, we would be unlikely to declare respondents' decision arbitrary. Given Alonzo's drug trafficking history and his previous contacts in Florida, we cannot say respondents' actions were arbitrary to conclude that he should be kept away from Florida while on parole.