No. A–762. SIGLER, CHAIRMAN, BOARD OF PAROLE, ET AL. *v.* BERRIGAN ET AL. C. A. D. C. Cir. Application for stay, presented to THE CHIEF JUSTICE, and by him referred to the Court, granted.

MR. JUSTICE DOUGLAS, dissenting from the grant of the stay by the Court.

I agree with Mr. Justice Black in his dissent in *Zemel* v. *Rusk,* 381 U. S. 1, 20, that the power to regulate the right to travel is vested in Congress and not in the Executive Branch. There is no law barring the Berrigans from foreign travel to North Vietnam; there is no law barring paroled citizens from travel in foreign countries.* It is not enough to argue that the State Department has determined that the proposed foreign travel is not in the national interest.

The right to travel is a peripheral right of every citizen under the First Amendment. *Zemel* v. *Rusk, supra,* at 24 (DOUGLAS, J., dissenting). Therefore, no travel could be prohibited except under a narrowly drawn statute. In my dissent in *Zemel,* I enumerated several national interests which might support a restriction on the right to travel; none of those interests exists here. To the contrary, the national interest embodied in the First Amendment right to freedom of speech and information would be furthered by such a visit. As in *Zemel,* the danger feared here is the contact of the Berrigans with a Communist regime. "The world, however, is filled with Communist thought . . . . [Communist regimes] are part of the world spectrum; and if we are to know them and under-

---

*Title 28 CFR § 2.28 (c) provides that "Board approval shall be required for travel outside the continental limits of the United States . . . ." Like all action by federal governmental officials, the powers of the Parole Board may be exercised only with regard to constitutional restraints. No purpose of fleeing the country is even suggested.

stand them, we must mingle with them . . . ." *Id.*, at 25. Keeping alive intellectual intercourse between seemingly opposing groups has always been important, and is even more important in view of the bridges of communication long destroyed between this country and North Vietnam which are now being restored. Part of the restoration of these bridges has been the allowance by North Vietnam of many United States citizens to visit that country as well as the peace negotiations under way for some months.

The ability to understand this pluralistic world filled with clashing ideologies is a prerequisite of any hope for world peace. The late Pope John XXIII in his famous encyclical Pacem in Terris emphasized that without knowledge and understanding among all peoples there can be no hope for love and peace. One of the best ways to insure this knowledge and understanding is to allow the people of the world to mingle freely with one another.

I would allow the respondents their constitutional right to travel.