**Hughes Anderson BAGLEY,
Petitioner-Appellant,**

v.

**J.J. HARVEY, U.S. Marshal, and Audrey Kaslow, U.S. Parole Commission, Respondents-Appellees.**

No. 82–3652.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 5, 1983.

Decided Oct. 17, 1983.

Dennis E. Curtis, Jan Burns Norman, Law Student, Los Angeles, Cal., for petitioner-appellant.

Charles Pinnell, Asst. U.S. Atty., Seattle, Wash., for respondents-appellees.

Before WRIGHT, CHOY and NELSON, Circuit Judges.

CHOY, Circuit Judge:

Hughes Anderson Bagley appeals from the district court's partial denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At issue is the propriety of a special parole condition that prevents Bagley from entering the State of Washington, his state of residence prior to incarceration, except for purposes of litigation or child visitation. Bagley argues that the

special parole condition is unconstitutional and an abuse of discretion.

We affirm the district court.

## I

In August 1979, Bagley was sentenced to a term of 12 years following convictions of being a felon in possession of firearms and of dealing in firearms and ammunition without a license. A parole date of November 30, 1981, was set for Bagley's release from prison. Shortly before the scheduled parole date, the United States Probation Office in Seattle requested that the United States Parole Commission reevaluate its decision to parole Bagley. The National Commissioners responded by reopening Bagley's case and retarding the November 30, 1981, parole date under the purported authority of 28 C.F.R. § 2.28(f), which allows reopening upon receipt of "new and significant adverse information." On December 28, 1981, Bagley filed the present action, alleging that there was in fact no new information contained in the communication from the Seattle Probation Office.

Bagley's reconsideration hearing was held before Parole Commission examiners who concluded that the purported new information was in fact not new. The examiners recommended that Bagley be paroled on April 5, 1982. The National Appeals Board agreed with its examiners, but made a significant modification. It added the following special parole condition:

> You shall not threaten, or cause to be threatened, your former wife, any witness in any case in which you have been a party, any government official, or any person whatsoever. You are not to return to the State of Washington during the period of your parole. Violation of these parole conditions shall constitute grounds for immediate revocation.

The special parole condition was later amended to allow Bagley to return to Washington for purposes of litigation or child visitation, contingent upon the approval of his Regional Parole Commissioner. On July 9, 1982, Bagley was paroled to the Northern District of Iowa, where his parents reside.[1]

Bagley's objections to the special parole condition were considered by the district court which eventually disposed of Bagley's habeas petition by granting it in part and denying it in part. The petition was granted to the extent that Bagley's date of release from imprisonment will be deemed to be November 30, 1981.[2] The court ruled that Bagley's contention regarding the staleness of the "new information" justifying the reopening of his case under 28 C.F.R. § 2.28(f) was correct. However, the court denied Bagley's request to be relieved from the special parole condition and to be allowed to live in Washington. Bagley appeals from this partial denial.

## II

Bagley's principal constitutional argument is that the Parole Commission's decision to parole him to Iowa violates his right to choose the location of his home, and thus infringes his constitutional right to interstate travel. See Shapiro v. Thompson, 394 U.S. 618, 629–31, 89 S.Ct. 1322, 1328–29, 22 L.Ed.2d 600 (1969). Bagley cites for this proposition McGregor v. Schmidt, 358 F.Supp. 1131, 1133–34 (W.D.Wis.1973), where the court found that parolees do have a constitutionally protected right to travel that can only be infringed upon a showing of a compelling state interest. Similar in thrust is Berrigan v. Sigler, 499 F.2d 514, 522 (D.C.Cir.1974), where the court found that parolees have a limited right to international travel, but noted that to curtail it, the government need only show a legitimate government interest and a sufficient relationship between the prohibited conduct and the objectives of parole. See also Sigler v. Berrigan, 410 U.S. 902, 93 S.Ct. 952, 35 L.Ed.2d 266 (1973) (Douglas, J.,

---

1. The delay in parole date was occasioned by the need to create a new release plan for Bagley in Iowa.

2. The record date of release may have significance in the event Bagley later applies for an early release from parole.

dissenting from grant of stay) (parolees have constitutionally protected right to international travel).

Reaching an opposite conclusion is *Paulus v. Fenton,* 443 F.Supp. 473 (M.D.Pa.1977). The *Paulus* court held that a parolee's right to travel is substantially the same as a prisoner's, and thus not in need of any specific constitutional protection. *Id.* at 476 n. 8. *See also Hyser v. Reed,* 318 F.2d 225, 239 (D.C.Cir.) (en banc), *cert. denied,* 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963).

■ We agree with the *Paulus* court that an individual's constitutional right to travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee. This conclusion is drawn from *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and its progeny. In *Greenholtz,* the Court concluded that an individual constitutionally convicted of a crime has a constitutionally protected interest in maintaining the state of liberty he or she may currently possess, but does not have a constitutional interest in liberty that is not presently possessed. The Court stated, "There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Id.* at 9, 99 S.Ct. at 2105. *See also* Friendly, *"Some Kind of Hearing",* 123 U.Pa.L.Rev. 1267, 1295–96 (1975). Under this reasoning, the Court concluded that the possibility of parole does not create a liberty interest that triggers the requirements of due process for its denial. 442 U.S. at 11, 99 S.Ct. at 2105. The *Greenholtz* doctrine that a person suffering a conviction may not invoke the guaranties of due process for the denial of liberty not presently possessed has been followed in *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 463–64, 101 S.Ct. 2460, 2463–64, 69 L.Ed.2d 158 (1981), and *Jago v. Van Curen,* 454 U.S. 14, 18–19, 102 S.Ct. 31, 34–35, 70 L.Ed.2d 13 (1981) (per curiam).

■ There can be no doubt that Bagley's constitutional right to interstate travel was extinguished upon his valid convictions and imprisonment. *See Meachum v. Fano,* 427 U.S. 215, 224–25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Since, to this date, Bagley has never regained that freedom of travel he lost upon conviction, he may not invoke the due process clause of the fifth amendment to compel the Government to grant him the desired right.

■ Our conclusion that Bagley, as a parolee, has no constitutionally protected interest in interstate travel is supported through analogy to recent Supreme Court cases concerning conditions of imprisonment. In *Meachum v. Fano,* the Court held that a prisoner has no constitutionally derived liberty interest in being imprisoned in any particular prison within a state prison system. This is true even if a prisoner is being transferred from a desirable prison to a less desirable prison. 427 U.S. at 225, 96 S.Ct. at 2538. By analogy, a parolee does not have a constitutional interest that entitles him to parole in any particular district. This analogy is strengthened by the recent case of *Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), where the Court held that "[c]onfinement in another State . . . is 'within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Id.* 103 S.Ct. at 1746 (quoting *Meachum,* 427 U.S. at 225, 96 S.Ct. at 2538).

Bagley is on stronger ground when he argues that a liberty interest in being paroled to his home state of Washington is created by 28 C.F.R. § 2.33(b). That regulation reads:

> Generally, parolees will be released only to the place of their legal residence unless the Commission is satisfied that another place of residence will serve the public interest more effectively or will improve the probability of the applicant's readjustment.

■ Bagley argues that he was denied due process because he was never specifically informed of the reasons for his being paroled to Iowa. This argument is meritless. At the February 1982 reconsideration hearing, Bagley was specifically confronted

with accusations that he had threatened several individuals in the Seattle area. Further, he was asked to suggest an area of the country where he could live if he was not paroled to Washington. Bagley suggested Iowa. This direct confrontation with evidence supporting a parole locale other than Washington sufficed to inform Bagley of the basis for his parole to Iowa and the special parole condition limiting his travel to Washington. We agree that the record would have been clearer had the Parole Commission specifically listed the considerations involved in determining Bagley's parole conditions, but since Bagley was directly confronted with evidence supporting the parole conditions, we cannot agree he was denied due process. *See Greenholtz,* 442 U.S. at 15–16, 99 S.Ct. at 2107–08 ("To require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination.").

■ Bagley's final constitutional contention is that the parole conditions are cruel and unusual punishment in violation of the eighth amendment. In support of this argument, Bagley cites *Dear Wing Jung v. United States,* 312 F.2d 73 (9th Cir.1962). In *Dear Wing Jung,* the defendant, an alien, was given a suspended sentence on condition that he leave the country. This conditional departure would have amounted to permanent banishment from the United States, since the defendant would have been without the right ever to return. We called this banishment "either a 'cruel and unusual' punishment or a denial of due process of law." *Id.* at 76.

The present case is clearly distinguishable. Bagley is not forever banished from the State of Washington; he is free to return at the end of his parole term. *See United States v. Martin,* 467 F.2d 1366, 1368 (7th Cir.1972). Bagley could have been constitutionally excluded from Washington during the entire term of his sentence by being required to serve a full prison term in another state. *See Olim v. Wakinekona,*

—— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Since parole in a foreign state is clearly less punitive than imprisonment in a foreign state, it cannot be deemed unconstitutional. Although we might share Bagley's enthusiasm for the Pacific Northwest, we believe, and so hold, that it is not cruel and unusual punishment to require Bagley to serve his parole term in Iowa.

### III

Bagley next argues that the imposition of his parole conditions was an abuse of discretion. In particular, Bagley argues that the special conditions on his parole are void because they were imposed after his parole date was improperly reconsidered. He argues that the Parole Commission violated its own regulation by reconsidering his parole absent "new and significant adverse information." 28 C.F.R. § 2.28(f).

Bagley's appeal challenges only the special conditions of his parole, however, and the modification of conditions of parole is governed by another regulation, 28 C.F.R. § 2.40(b). That regulation confers unlimited discretion to modify conditions of parole, as long as the parolee is given an opportunity to express his or her views on the proposed modification. The Commission complied with this regulation, and any violation of Regulation 2.28(f) is irrelevant.

■ Bagley's final argument is that the parole conditions are arbitrary and capricious. Both sides agree that parole conditions must be sustained if there is a rational basis in the record for them. *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir. 1982). The record shows that the Commission had evidence that Bagley had accumulated a virtual arsenal in his Seattle residence prior to arrest and had threatened numerous individuals in the Seattle area. On this record, the Commission could have reasonably concluded that a new community would be less hostile to Bagley's return to society, and that a new start in Iowa where his parents reside would contribute to Bagley's rehabilitation.

AFFIRMED.