983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loren Edward MacNAB, Plaintiff-Appellant,
v.
OREGON STATE DEPARTMENT OF CORRECTIONS; Fred Pierce; Denis
Dowd; Debra Dawes; Russell Rice; Benton County
Community Corrections; Diana Simpson,
Defendants-Appellees.
 No. 92-35437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 30, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loren Edward MacNab, a former Oregon state prisoner, appeals pro se the district court's grant of summary judgment in favor of the Oregon State Department of Corrections (DOC), various state officials, and Benton County Community Corrections ("Benton County") in his 42 U.S.C. § 1983 civil rights action. MacNab served a prison term for first degree sexual abuse of a minor. He contends that the district court erred by: (1) finding that his parole conditions were constitutional and alternatively, that his parole officer was entitled to qualified immunity; and (2) failing to give him an opportunity to amend his complaint. He also appears to contend that this court erred by denying his motion for a new trial in a prior order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Section 1983 Claims
 
 3
 a. Parole Officer
 
 
 4
 MacNab appears to contend that the district court erred by finding that the special parole conditions did not violate his constitutional rights because: (1) he could not attend church services with minors in attendance; and (2) he could not freely associate with his two daughters, absent the prior approval of his parole officer and the treatment provider. These contentions lack merit.
 
 
 5
 We review de novo a district court's grant of summary judgment. Bianchi v. Bellingham Police Dept., 909 F.2d 1316, 1317 (9th Cir.1990). We review questions of law de novo, while we review for clear error a district court's findings of fact. United States v. Velarde-Gavarrete, 975 F.2d 672, 674 (1992).
 
 
 6
 A district court has broad discretion in setting conditions of supervised release and probation. United States v. Chinske, No. 91-30378, slip op. 13105, 13110 (9th Cir. Nov. 3, 1992). Similarly, the Parole Commission (Commission) has the authority to order a defendant to comply with general conditions of release and order special parole conditions. 28 C.F.R. § 2.40(d); see also Bagley v. Harvey, 718 F.2d 921, 925 (9th Cir.1983). The conditions of release must be "necessary to provide adequate supervision and to protect the public welfare." 28 C.F.R. § 2.40(a).
 
 
 7
 "Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." White By White v. Pierce County, 797 F.2d 812, 815 (9th Cir.1986).
 
 
 8
 Here, MacNab was imprisoned for first degree sexual abuse of his daughter, a minor. The relevant special parole conditions stated that MacNab "shall have no contact with minor females and shall not frequent any place where minors are likely to congregate (e.g., playgrounds, school grounds, arcades)." Additionally, he was to have no contact with either of his two daughters without the prior approval of the treatment provider and his parole officer. The parole officer also wrote on the parole order that MacNab could not attend "church services that involve children." The parole officer informed MacNab that he could attend any church function or service where children were not present.
 
 
 9
 Based on the record, the Commission could have reasonably concluded that a "no contact" provision with minors was necessary to protect the public welfare and provide adequate supervision. See 28 C.F.R. § 2.40(a); Bagley, 718 F.2d at 925; see e.g., United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) ("[p]robation conditions may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal"). Moreover, MacNab failed to identify his religion and show proof that the parole conditions prevented him from practicing it. Accordingly, the district court did not err by finding that the parole conditions were constitutional and alternatively, that the parole officer was entitled to qualified immunity.
 
 
 10
 b. Benton County
 
 
 11
 A municipality will not be found liable under section 1983 unless the plaintiff has demonstrated that the action inflicting injury flowed either from an explicitly adopted or tacitly authorized municipal policy. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978); Tanner v. Heise, 879 F.2d 572, 582 (9th Cir.1989). Conclusory allegations, unsupported by facts, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 12
 Here, MacNab alleged that Benton County had an official policy of prohibiting parolees from attending church services. MacNab, however, failed to produce any evidence to support this claim. Accordingly, the district court properly granted summary judgment in favor of Benton County. See id. at 1046.
 
 2. Leave to Amend
 
 13
 MacNab contends that the district court abused its discretion by denying his motion for leave to file a second amended complaint. This contention lacks merit.
 
 
 14
 "We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed." Schlacter-Jones v. General Telephone of California, 936 F.2d 435, 443 (9th Cir.1991).
 
 
 15
 "Leave to amend a complaint 'shall be freely given when justice so requires.' " Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984) (quoting Fed.R.Civ.P. 15(a)). Nonetheless, the policy of allowing the amendments of pleadings "must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " Schlacter-Jones, 936 F.2d at 443 (quoting Forman v. Davis, 371 U.S. 178 (1962)).
 
 
 16
 Here, MacNab filed his motion for leave to file a second amended complaint after the DOC and Benton County both had filed motions for summary judgment. The district court denied the motion because MacNab failed to include a copy of the amended complaint as required by a local rule. Because it appeared that MacNab intended to add parties as plaintiffs, the district court instructed him that any potential plaintiffs must individually sign the amended complaint and any subsequent papers. MacNab again filed a motion for leave to file an amended complaint. The district court denied the motion finding the proposed causes of action futile.
 
 
 17
 Because MacNab continually failed to allege specific facts to support his claims, the district court did not abuse its discretion by denying the motion for leave to amend. See Schlacter-Jones, 936 F.2d at 443; Jones, 733 F.2d at 651.
 
 3. New Trial
 
 18
 MacNab contends he is entitled to a new trial on the basis of newly-discovered evidence. Although there was never any trial in this case, we have previously considered and rejected this claim. See Order 8/17/92. Accordingly, we again deny this frivolous claim.[1]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 MacNab argues for the first time on appeal that: (1) the parole officer violated his constitutional rights by revoking his parole when he failed to enter a sex offender program as a special condition of his parole; and (2) he was denied equal protection under the Fourteenth Amendment because his "privileged" visitation with his wife was terminated based on her refusal to present photo identification, although she allegedly continued "basic" visitation with a fellow prisoner without presenting photo identification. We decline to address these arguments because MacNab did not raise them before the district court. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991)