988 F.2d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Carlos ZUNIGA, Petitioner-Appellant,
v.
UNITED STATES ATTORNEY GENERAL, Respondent-Appellee.
 No. 92-15667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-92-224-RCB(MM), Robert C. Broomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Carlos Zuniga, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. Zuniga raised two issues in his petition. First, he alleged that as a federal pretrial detainee he was entitled to be released on bail pending trial. Second, Zuniga alleged that as a federal detainee he was entitled to be housed in a federal institution pending trial.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review the district court's denial of habeas corpus relief de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 A. Release on Bail Pending Trial
 
 4
 A defendant's subsequent conviction moots a petition for habeas corpus relief based on the denial or revocation of bail pending trial. Murphy v. Hunt, 455 U.S. 478, 481 (1982); Medina v. California, 429 F.2d 1392, 1393 (9th Cir.1970) (per curiam).
 
 
 5
 The district court record shows that after he filed his habeas petition, Zuniga was convicted in federal court of bank robbery in violation of 18 U.S.C. § 2113(a). Thus, Zuniga's claim seeking release on bail pending trial was moot, and the district court did not err by dismissing this claim. See Hunt, 455 U.S. at 481; Medina, 429 F.2d at 1393.[1]
 
 B. Rights of Federal Pretrial Detainee
 
 6
 We construe Zuniga's claim that as a federal detainee he was entitled to be housed in a federal institution pending trial as a civil rights action brought under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).[2] See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (habeas corpus petition proper proceedings to challenge legality or duration of confinement, but civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir.1979). There is, however, no constitutionally derived liberty interest in being held in any particular institution. See Meachum v. Fano, 427 U.S. 215, 224 (1976); Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir.1983). Nor is there a statutorily created liberty interest in being detained in a particular federal institution; the Attorney General is authorized to contract with state political subdivisions to provide suitable detention facilities. 18 U.S.C. § 4002. Thus, Zuniga's second claim does not present a ground for relief, and the district court did not err in dismissing it for failing to state a claim. See id.; Meachum, 427 U.S. at 224; Bagley, 718 F.2d at 924.
 
 
 7
 Accordingly, the district court's dismissal of Zuniga's 28 U.S.C. § 2241 petition for writ of habeas corpus and his claim challenging the conditions of his pretrial confinement is affirmed.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is clear that the direct consequences of denying Zuniga bail can no longer be remedied in habeas. A writ of habeas corpus, however, is not moot when the challenged action results in certain collateral consequences to the petitioner. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Cox v. McCarthy, 829 F.2d 800, 802-03 (9th Cir.1987). Here, Zuniga has not cited any collateral consequences, and we discern none from the record, that would overcome the finding of mootness. See Cox, 829 F.2d at 803; accord Fassler v. United States, 858 F.2d 1016, 1018 n. 3 (5th Cir.1988) (per curiam) (petitioner's pretrial detention carries none of the collateral consequences considered in Carafas ), cert. denied, 490 U.S. 1099 (1989)
 
 
 [2]
 Using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement itself, remains an open question. Bell v. Wolfish, 441 U.S. 520, 526-27 n. 6 (1979). Even if Zuniga's petition is reviewed under section 2241, we find that he cannot state a cognizable claim. To state a claim for habeas relief, a petitioner must allege that the execution of his detention violates the Constitution or a federal statute. 28 U.S.C. § 2241(c). Because Zuniga has no constitutional or statutory liberty interest in being housed in a particular institution, his second claim does not present a ground for habeas corpus relief. See 18 U.S.C. § 4002; 28 U.S.C. § 2241(c); Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir.1983)
 
 
 [3]
 On appeal, Zuniga raises several issues which were not presented to the district court. Because this court generally does not consider issues raised for the first time on appeal, See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992), we decline to consider them