35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael CLAYTON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-56637.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Michael Clayton appeals pro se[1] the district court's denial of his 28 U.S.C. Sec. 2241 habeas petition challenging the revocation of his parole and the forfeiture of his street time credits. Clayton contends that the respondent ("the Commission"): (1) violated the Double Jeopardy Clause by considering five alleged parole violations on two occasions before revoking his parole; (2) lacked the authority to impose a parole condition forbidding the consumption of alcohol; (3) abused its discretion in finding that Clayton drove with a suspended license and was drunk in public. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Smith v. United States Parole Comm'n, 875 F.2d 1361, 1363 (9th Cir.1988), but we may only review whether the Commission has acted outside its statutory authority or has committed a constitutional violation, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988). We affirm.
 
 1. Double jeopardy
 
 3
 "Double Jeopardy is not applicable to parole revocation proceedings." Standlee v. Rhay, 557 F.2d 1303, 1307 (9th Cir.1983).
 
 2. Alcohol abstention as parole condition
 
 4
 The Parole Commission may impose or modify conditions of parole to the extent that such conditions are reasonably related to the parolee's offense behavior, history or characteristics, and if the Commission may provide for such supervision and other limitations as are reasonable to protect the public welfare. 18 U.S.C. Sec. 4209(a); Bagley v. Harvey, 718 F.2d 921, 925 (9th Cir.1983). Parole conditions must be sustained on review unless there is no rational basis in the record for them. Bagley, 718 F.2d at 925.
 
 
 5
 Here, Clayton's original conviction was for distributing cocaine, and his prior revocations were for unauthorized use of narcotics and failing to participate in treatment programs. In addition, Clayton violated his special parole by driving while intoxicated and being involved in a motorcycle accident while under the influence of alcohol. Thus, given this history, it was within the discretion of the Commission to impose special alcohol and drug aftercare treatment, including alcohol abstention as a condition of Clayton's parole. See 18 U.S.C. Sec. 4209(a); Vargas, 865 F.2d at 193; Bagley, 718 F.2d at 925.
 
 3. Sufficiency of the evidence
 
 6
 Review of the Commission's parole decision is "exceedingly narrow," and this court will review the decision only where the Commission has acted outside the parole guidelines or has acted arbitrarily so as to violate a prisoner's right to due process. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). The Commission may revoke parole if it finds that a parolee has violated a condition of his parole, based on a preponderance of the evidence taken as a whole. Id. at 1317. The Commission must consider all available and relevant information concerning the nature and circumstances of the alleged offenses. 18 U.S.C. Sec. 4206(a). The Commission may use as evidence dismissed criminal charges in considering revocation of parole. Bowen v. United States Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986).
 
 
 7
 Clayton contends that there was insufficient evidence to support the Commission's finding that he drove with a suspended license and was drunk in public. These contentions lack merit. First, Clayton's suspended license charge was supported by a Kansas motor vehicle accident report. Second, Clayton's public drunkenness charge was supported by a San Diego Sheriff's Office arrest report. Thus, there was sufficient evidence for the Commission to conclude there was a preponderance of evidence that Clayton drove with a suspended license and was drunk in public, thereby constituting a basis for revocation of his parole. See 18 U.S.C. Sec. 4206(a); Vargas, 865 F.2d at 193; Walker, 816 F.2d at 1317; Bowen, 805 F.2d at 888.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Clayton's current counsel-of-record, Robert A. Garcia has filed two motions to withdraw. Because Anders v. California, 386 U.S. 738 (1966) procedures do not apply to collateral postconviction proceedings, Pennsylvania v. Finley, 481 U.S. 551, 554 (1987), Garcia's motion to withdraw as counsel in this Sec. 2241 petition is granted