Lawrence A. FASSLER Petitioner—Appellant

v.

John PENDLETON, Warden Respondent—Appellee

No. 01–16168.

D.C. No. CV–00–510–TUC–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2002.

Decided Oct. 4, 2002.

Before HUG and TASHIMA, Circuit Judges and SEDWICK, District Judge.*

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

## ORDER

Appellant's petition for panel rehearing is granted in part and the memorandum disposition filed April 29, 2002, is withdrawn and replaced by the amended memorandum disposition filed concurrently with this order. Except to the extent granted by the amended memorandum disposition, the petition for panel rehearing is denied.

## AMENDED MEMORANDUM **

Lawrence Fassler ("Fassler") appeals the District Court's denial of his petition for Writ of Habeas Corpus challenging the U.S. Parole Commission's ("Commission") revocation of his parole. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's denial of Fassler's petition for habeas corpus. *McLean v. Crabtree*, 173 F.3d 1176, 1180 (9th Cir.1999); *Bono v. Benov*, 197 F.3d 409, 411 (9th Cir.1999) (review district court's findings of fact for clear error). Our review of the Commission's decision to revoke Fassler's parole, however, is very narrow; we consider only whether the Commission exceeded its statutory authority or violated the constitution. *Wallace v. Christensen*, 802 F.2d 1539, 1551–52 (9th Cir.1986). We affirm in part and reverse in part and remand to the District Court with instructions to remand to the Commission for a redetermination of the penalty to be imposed in light of our reversal. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

## I. Procedural Due Process

Fassler argues that his due process rights were violated because the Commission delayed in holding a parole revocation

hearing. He also raised this argument in his prior petition for habeas corpus, Case No. 00–15675. Because we addressed this matter in a previous memorandum disposition, and Fassler fails to demonstrate "cause and prejudice" or that our refusal to hear the matter would result in a "miscarriage of justice," we will not reconsider it here. *See Campbell v. Blodgett*, 997 F.2d 512, 524 (9th Cir.1992).

Fassler next argues that the Commission denied him due process of law when it failed to notify him of the exact law he allegedly violated. A parolee is entitled to "written notice of the alleged [parole] violation." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The notice must be effective. *United States v. Havier*, 155 F.3d 1090, 1093 (9th Cir.1998). Contrary to Fassler's argument, the Commission was not required to cite a specific statutory section. The notice needed only to insure that he understood the nature of the alleged violation. *United States v. Sesma–Hernandez*, 219 F.3d 859, 860 (9th Cir.2000). Here, the warrant application gave Fassler sufficient notice to make him aware of the specific crime against which he had to defend. Thus, we find that Fassler was given proper notice.

Fassler also argues that he was denied his due process right to confront the primary witness, Charlotte Royer ("Royer"). Although a parolee's due process rights include the right to confrontation and cross-examination, *Morrissey*, 208 U.S. at 489, 92 S.Ct. 2593, that right is conditional. The parolee must request confrontation and, even if that is done, the Commission may consider hearsay evidence if it finds "good cause" for a witness's failure or inability to appear for cross-examination. 18 U.S.C. § 4214(a)(2); 28 C.F.R. § 2.50(c). Whether that right has been

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

violated is determined by balancing the parolee's interest in confrontation against the "good cause" offered by the Commission. *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir.1999).[1]

We conclude that the Commission did not violate Fassler's rights to confrontation. Although Fassler had a strong interest in confronting Royer, the Commission provided sufficient "good cause" for her failure to appear. The Commission documented its unsuccessful attempts to contact Royer after Fassler requested her presence at the hearing. The cases cited by Fassler showing lack of "good cause" are distinguishable. *See Comito*, 177 F.3d at 1172 (finding no "good cause" where the government failed to show that its reason for not producing the witness was reasonable). Moreover, there are sufficient guarantees of trustworthiness such that we reject Fassler's contention that the hearsay testimony is unreliable. First, Barry Sullivan's statement to the police corroborates Royer's statement. *United States v. Portalla*, 985 F.2d 621, 624 (1st Cir.1993) (finding testimony of police officer of content of victim's statement sufficiently reliable because of corroborating evidence); *see also United States v. Pratt*, 52 F.3d 671, 675 (7th Cir.1995) (finding hearsay testimony reliable where corroborated by victim's written statement, police reports, and photographs). Further, Fassler has not suggested that Royer had any motive for fabricating her story. In light of the conditional nature of a parolee's right to confrontation, the admission of the hearsay testimony did not violate Fassler's rights.

## II. Commission's Decision to Revoke Fassler's Parole

The Commission may revoke parole if it makes an independent finding by a "pre- ponderance of the evidence" that the parolee has violated a condition of his parole such as engaging in new criminal conduct. 18 U.S.C. § 4214(d). Here, the Commission found that Fassler violated the terms of his parole in three respects: (1) Fassler failed to report his arrest; (2) Fassler committed the crime of child molestation; and (3) Fassler committed the crime of child exploitation. We review the Commission's findings to determine if they were "so arbitrary as to be outside the boundary imposed by the preponderance of the evidence standard." *Roberts v. Corrothers*, 812 F.2d 1173, 1180 (9th Cir.1987).

The degree of reliance on the testimony of witnesses and the evaluation of credibility of those witnesses is within the discretion of the Commission. *Walker v. United States*, 816 F.2d 1313, 1317 (9th Cir.1987) (citations omitted). Thus, we will not reverse the Commission's findings that Fassler failed to report his arrest, because there is testimony in the record which, if believed, supports its finding even though there is other testimony which Fassler urges supports a different conclusion. *Corrothers*, 812 F.2d at 1181; *Wallace*, 802 F.2d at 1546.

We conclude that the Commission's finding that Fassler violated the Arizona law against child molestation is not supported by the record. State law prohibits "knowingly engaging in ... sexual contact, except sexual contact with the female breast, with a child under fifteen years of age." Ariz.Rev.Stat. § 13–1410. Sexual contact, as defined in § 13–1401 is "any direct or indirect touching, fondling, or manipulation of any part of the genitals ...." There is no evidence that Fassler touched Royer's

---

1. We do not consider whether the introduction of the police report with the statement of Sullivan violated this right because Fassler failed to raise this issue in his petition for habeas corpus.

genitals. Royer specifically stated that Fassler never touched her genitals directly or indirectly during the photo shoot when the stuffed animal was placed between her legs. The record shows that on other occasions Fassler touched Royer's "pubic area," but not her genitals. Royer agreed with the detective when he asked if Fassler only touched her pubic area and not her genitals, adding that he didn't get "that far." Because "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity," *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971), and the plain language of the Arizona child molestation statute does not criminalize touching the pubic area, the statute cannot be construed to criminalize touching the pubic area.

We also hold that the Commission's finding that Fassler violated the Arizona law against sexual exploitation is not supported by the record. That law proscribes the photographing or distribution of "any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." Ariz.Rev.Stat. § 13–3553(A)(1)-(2). "Exploitive exhibition" is the "exhibition of the genitals or pubic or rectal areas for the purpose of sexual stimulation ...." Ariz.Rev.Stat. § 13–3551(4). Royer and Sullivan both spoke about nude photos that Fassler took of Royer. However, the evidence before the Commission does not establish that these photos fall within the statutory definition of sexual exploitation. The evidence shows that a stuffed animal blocked display of Royer's pubic region and genitalia in those photos. Thus, they do not depict a minor engaged in exploitive exhibition or other sexual conduct.

* This panel unanimously finds this case suitable for decision without oral argument. See

### III. Conclusion

We affirm the district court's decision that Fassler's parole was properly revoked because we find that the Commission's decision to revoke was supported by evidence of Fassler's failure to report his arrest. However, because we reverse the Commission's finding that Fassler committed the crimes of child molestation and sexual exploitation, we remand to the District Court with instructions to remand to the Commission to redetermine the penalty which should apply given only the one, less serious, violation.

AFFIRMED in part, REVERSED in part, and REMANDED.