Lawrence A. FASSLER, Petitioner/Appellant,

v.

John PENDLETON, Warden, et al., Respondents/Appellees.

No. 03–16462.

D.C. No. CV–00–0168—WDB.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2004.*

Decided July 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George H. Soltero, Esq., Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Gerald S. Frank, Esq., Office of the U.S. Attorney, Tucson, AZ, for Respondent–Appellee.

Before HUG and TASHIMA, Circuit Judges and SEDWICK, District Judge.**

MEMORANDUM ***

Lawrence A. Fassler ("Fassler" or "appellant") appeals the district court's denial

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of his motion to strike special conditions of parole. Fassler argues that the United States Parole Commission's (the "Commission" or "appellee") special parole conditions violated the district court's and this court's orders; they were arbitrary and capricious; and they were imposed vindictively.

■ Appellee contends that this court lacks subject matter jurisdiction because the district court did not have jurisdiction when it granted Fassler's motion for release and denied his motion to strike. Whether a district court has jurisdiction over a § 2241 petition is reviewed *de novo*. *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044 (9th Cir.2000). It is well-established that a court has inherent power to enforce its orders. *See, e.g., Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *United States v. Yacoubian*, 24 F.3d 1, 5 (9th Cir.1994); *Hook v. Ariz. Dep't of Corrections*, 972 F.2d 1012, 1014 (9th Cir.1992). Here, the district court had inherent jurisdictional power to render a decision on Fassler's motion because it involved alleged non-compliance with its prior order.

■ The Commission also claims that jurisdiction is lacking because Fassler failed to exhaust his administrative remedies. Exhaustion is a judicially created prerequisite to filing for habeas relief in parole cases. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). Therefore, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown*, 895 F.2d at 535. The district court reached the merits when presented with Fassler's motion; there-

fore, it effectively excused the failure to exhaust. Furthermore, Fassler subsequently exhausted his administrative remedies.

The district court's decision to grant or deny a petition filed pursuant to 28 U.S.C. § 2241 is reviewed *de novo*. *See Hunter v. Ayers*, 336 F.3d 1007, 1011 (9th Cir.2003). This court reviews the Parole Commission's interpretations of law *de novo* and its factual findings for clear error. *Kleeman v. United States Parole Comm'n*, 125 F.3d 725, 730 (9th Cir.1997). Review of the Commission's decisions is limited to a determination of "whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process." *Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 (9th Cir.2002).

■ Fassler contends that the Commission's special parole conditions violate "law of the case" principles, because prior court orders established that the Commission could only consider Fassler's failure to report an arrest when imposing parole penalties. For the law of the case doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in th[e] court's previous disposition." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982). The prior orders were limited to deciding the proper bases for parole revocation. Fassler's present motion challenges the Commission's special conditions of parole—not parole revocation. The law of the case doctrine is inapplicable.

Fassler next argues that the Commission's special parole conditions lack a rational basis; therefore, they are arbitrary and capricious and should be stricken. Under the arbitrary and capricious standard, a reviewing court must consider whether an agency's decision was based on a consideration of the relevant factors and

whether there has been a clear error of judgment. *See Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 858 n. 36 (9th Cir. 2003). The challenged conditions are upheld if the Commission's record provides a rational basis for the decision. *Bagley v. Harvey*, 718 F.2d 921, 925 (9th Cir.1983).

The Commission can impose special conditions of release if the "condition is necessary to protect the public from further crimes . . . and to provide adequate supervision." 28 C.F.R. § 2.40(b)(1); 28 C.F.R. § 2.204(b)(1). Special parole conditions must also be reasonably related to the offense's nature and circumstances and the defendant's history and characteristics. 18 U.S.C. §§ 3553(a)(1). Additionally, the conditions imposed cannot involve a "greater deprivation of liberty than is reasonably necessary" to effectuate the goals of Congress and the Sentencing Commission. 18 U.S.C. § 3583(d)(2), (3).

■ Under the special parole condition, Fassler is prohibited from contact with minor children absent his Probation Officer's approval. The Commission imposed the condition as a result of appellant's inappropriate conduct with a minor child. This court noted, in its October 4, 2002 order, that the record showed Fassler touched a minor child's 'pubic area' and took nude photos of her. *Fassler v. Pendleton*, 48 Fed.Appx. 627, 629 (9th Cir. 2002). Thus, the Commission had a legitimate concern Fassler might commit similar acts with children. The sex offender conditions are not remote in time to the alleged improper conduct[1] and are reasonably related to the nature of Fassler's

improper conduct and to the Commission's public safety and supervision goals.[2]

■ The Commission predicated the employment special conditions on Fassler's 2001 disciplinary actions for conducting a business while incarcerated. The record of Fassler's institutional violations shows that he is willing to incur substantial consequences for a pecuniary benefit and lacks the discipline to comport with imposed conditions and rules. The employment limitations are reasonably related to appellant's illegal custodial conduct, the Commission's interest in public safety, and Fassler's rehabilitation.

Finally, appellant argues that the Commission's special conditions were imposed vindictively because he successfully litigated against the Commission. Allegations of actual or presumed vindictiveness constitute a due process challenge; therefore, *de novo* review is required. *See Bono v. Benov*, 197 F.3d 409, 411–12 (9th Cir.1999). This court extended the vindictiveness presumption to parole decisions. *Id.* at 419.

The presumption of vindictiveness applies only "where there is a 'reasonable likelihood' that the parole decision is the product of actual vindictiveness." *Fenner v. United States Parole Comm'n*, 251 F.3d 782, 788 (9th Cir.2001) (internal citation omitted). The Commission proffers reasonable and nonvindictive reasons for instituting the conditions of parole. In the absence of a reasonable likelihood that the Commission acted vindictively, Fassler must prove actual vindictiveness. *Id.* at 789. Because Fassler's allegations that the Commission violated law of the case principles and acted arbitrarily and capri-

---

**1.** Evidence of Fassler's inappropriate behavior with a minor arose from factual circumstances surrounding his 1997 drug arrest.

**2.** In *United States v. T.M.*, 330 F.3d 1235 (9th Cir.2003), we explained that "supervised re-

lease conditions need *not* relate to the offense" the parolee was convicted for as long as they meet the goals of deterrence, public protection, or rehabilitation. *Id.* at 1240 (emphasis added).

ciously are without merit, he has not shown "actual vindictiveness."

AFFIRMED.